UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIMOTHY McCAMEY,

                 Plaintiff,

v.

SCSO CORRECTIONS BUREAU, *et al.*,

                 Defendants.

Case No. C19-0732-RAJ-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Timothy McCamey is currently confined at the Snohomish County Jail in Everett, Washington. He has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not adequately stated a claim for relief in this action. This Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

Plaintiff submitted his civil rights complaint to the Court for filing on May 15, 2019. (*See*

REPORT AND RECOMMENDATION
PAGE - 1

Dkt. 1.) Plaintiff asserted in his complaint that corrections staff at the Snohomish County Jail failed to inform him in a timely manner that his mother had passed away. (Dkt. 7 at 3.) According to plaintiff, jail staff received information on the morning of May 12, 2019, a Sunday, that plaintiff's mother had passed away, but did not inform him of the loss until 24 hours later. (*Id*.) Plaintiff suggested that this delay was attributable, at least in part, to the fact that there were no mental health professionals on duty at the time the information was received by jail staff, nor were there any chaplains in the facility. (*Id*.) Plaintiff complained that no one on the jail staff made any effort to call in one of these people, or to contact a grief services organization, which would have allowed plaintiff to learn of the loss earlier. (*Id*.) Plaintiff asserted that this 24-hour delay deprived him of the opportunity to assist his family in processing his mother's estate and her remains. (*Id*. at 4.)

Plaintiff alleged that the entire Snohomish County Sheriff's Office ("SCSO") Corrections Bureau committed negligence by failing to inform him of his mother's death in a timely fashion, and thereby caused him mental stress and anguish. Plaintiff identified the SCSO Corrections Bureau and SCSO Corrections Bureau employees Sgt. John Doe, Alexis Wafstet, Jacob Taylor, and Deputy J. Doe as defendants in his complaint. (*See id*. at 1-2.) Plaintiff requested $150,000 in damages.

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient. Thus, on June 11, 2019, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 8.) The Court explained therein that the complaint was deficient because plaintiff failed to specifically allege any violation of his federal constitutional rights and the facts alleged did not appear to implicate federal constitutional concerns. (*Id*. at 3.) The Court also explained that the SCSO Corrections Bureau was not a proper

defendant in this action. (*Id*. at 3-4.) Plaintiff was granted thirty days within which to file an amended complaint correcting the noted deficiencies, and he was advised that his failure to do so would result in a recommendation that this action be dismissed. (*Id*. at 4.) To date plaintiff has filed no amended complaint.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to state in his original pleading any claim upon which relief could be granted under § 1983, and because he failed to file an amended pleading correcting the deficiencies identified in the Court's Order declining to serve his original pleading, this action must be dismissed.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed, without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii). This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION
PAGE - 3

ready for consideration by the District Judge on **October 25, 2019**.

DATED this 27th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge